UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **HENRY D. GRAHAM,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-2080 |
| ) | |
| **NEDRA CHANDLER, Warden, Dixon** ) | |
| **Correctional Center,** ) | |
| ) | |
| Respondent. ) | |

---

**OPINION**

---

On November 9, 2000, following a stipulated bench trial, Petitioner Henry D. Graham was found guilty of felony murder, home invasion, residential burglary and attempted robbery. Petitioner was sentenced to a term of twenty years' imprisonment. Following his conviction, Petitioner appealed his conviction, arguing that the evidence at the stipulated bench trial failed to establish his guilt on the felony murder count beyond a reasonable doubt and that the trial court erred in denying his motion to suppress. On June 20, 2003, the Illinois Appellate Court for the Fourth District affirmed Petitioner's convictions. People v. Graham, No. 4-01-0550 (June 20, 2003) (unpublished order). Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court, nor did he file a petition for writ of certiorari in the United Stated Supreme Court. On February 16, 2005, Petitioner filed a post-conviction petition in the trial court. On March 4, 2005, the trial court dismissed Petitioner's petition on the grounds of untimeliness and waiver. Petitioner appealed the dismissal of his petition, and the Illinois Appellate Court for the Fourth District affirmed the dismissal on September 11, 2006. People v. Graham, No. 4-05-0390 (September 11, 2006) (unpublished

order). Petitioner filed a petition for leave to appeal to the Illinois Supreme Court which was denied on January 24, 2007. Petitioner filed the instant Petition for Writ of Habeas Corpus (#11) pursuant to 28 U.S.C. § 2254 on March 23, 2007.[1]

On July 25, 2007, Respondent filed a Motion to Dismiss (#12) arguing that the Petition is barred by the applicable statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Petitioner filed his Response (#14) to the Motion to Dismiss on August 6, 2007. Under the AEDPA, a one year statute of limitations applies for a habeas corpus petition filed by a person in state custody. 28 U.S.C. § 2244 (d)(1). § 2244(d)(1) provides that the one-year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant case, Petitioner's conviction became final on July 11, 2003, twenty-one days after his conviction was affirmed by the Illinois Appellate Court and Petitioner failed to file a petition

---

[1] This case was transferred from the United States District Court for the Northern District of Illinois on April 23, 2007.

for leave to appeal or an affidavit of intent to file a petition for leave to appeal with the Illinois Supreme Court.  See Ill. Sup. Ct. R. 315(b).[2]  Any § 2254 petition challenging his conviction had to be filed within one year of that date.  See 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed his instant petition for habeas relief on March 23, 2007, well outside of this one year statute of limitations.

The court notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  28 U.S.C. § 2244(d)(2).  While Petitioner did file a post-conviction petition, even if this court excluded the time during which the post-conviction petition was pending, Petitioner's habeas petition would still be untimely.  Petitioner did not file his post-conviction petition until February 16, 2005, approximately nineteen months after Petitioner's conviction became final and approximately seven months after the statute of limitations for filing a habeas petition expired.  Furthermore, none of the alternative dates to start the statute of limitations provided in § 2244(d) apply in this matter.

IT IS THEREFORE ORDERED:

(1) Respondent's Motion to Dismiss (#12) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus is dismissed with prejudice as untimely.

(2) This case is terminated.

                ENTERED this 16th   day of October, 2007

                        **s/ Michael P. McCuskey**
                        MICHAEL P. McCUSKEY
                        CHIEF U.S. DISTRICT JUDGE

---

[2] The time frame to file a file a petition for leave to appeal to the Illinois Supreme Court was changed to 35 days in 2006, but the relevant time frame in 2003 was 21 days.  Under either time limit, Petitioner's petition is untimely.